UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-261 PAM/ECW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JERMAINE DONTAE MORRIS,

    Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Jermaine Dontae Morris (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.   **Charges.** The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

2.   **Factual Basis.** The defendant stipulates and agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

    a. On September 30, 2021, deputies with the Hennepin County Sheriff's Office Violent Offender Task Force (VOTF) observed traffic violations and attempted to stop a vehicle that the defendant was driving. The deputies pursued the defendant, who eventually stopped, parked, and ran into an apartment building lobby, where he tripped and fell on the ground. The deputies apprehended the

SCANNED
CK
MAR 15 2022
U.S. DISTRICT COURT ST. PAUL

defendant and recovered a firearm in his waistband. Specifically, a Taurus handgun with serial number NLU65122.

       b. The firearm referenced above is a "firearm" as defined by federal law under 18 U.S.C. § 921(a)(3), and was not manufactured in the State of Minnesota. The firearm therefore necessarily traveled in interstate or foreign commerce before being in the defendant's possession in Minnesota on September 30, 2021.

       c. The defendant agrees and admits that before September 30, 2021, he had been convicted of certain felony crimes, as listed in Count 1 of the Indictment, each punishable by more than one year in prison, that he knew he had previously been convicted of at least one crime punishable by more than one year in prison, that he knowingly and voluntarily possessed the firearm on September 30, 2021, and that he knew he was prohibited from possessing any firearm on account of his prior felony convictions.

3.    **Waiver of Pretrial Motions**. The defendant understands and agrees that defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case.

4.    **Statutory Penalties**. The United States believes that the defendant is subject to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and that Count 1 of the Indictment, therefore, carries the following statutory penalties:

    a.    a mandatory minimum term of 15 years' imprisonment (18 U.S.C. § 922(g)(1), 924(a)(2) and 924(e)(1));
    b.    a maximum term of life imprisonment;
    c.    a supervised release term of not more than 5 years. (18 U.S.C. § 3583(b)(1));
    d.    a fine of up to $250,000. (18 U.S.C. § 3583(b)(1));
    e.    a mandatory special assessment of $100. (18 U.S.C. § 3013(a)(2)(A)); and
    f.    assessment to the defendant of the costs of prosecution (as defined in 28 U.S.C. §§ 1918(b) and 1920).

The defendant, however, reserves the right to argue that he is not subject to the ACCA and to challenge, at sentencing and on appeal, the designation of any prior conviction as a predicate felony under the ACCA. The parties agree that whether the defendant does or does not qualify as an Armed Career Criminal will be determined by the Court in its discretion at sentencing, and that regardless of the Court's decision, neither party may withdraw from the Plea Agreement on that basis. If the Court finds that the defendant is not subject to the ACCA, the parties agree that the applicable statutory maximum term of imprisonment is 120 months, 18 U.S.C. § 922(g)(1) and 924(a)(2), (a Class C felony), and that the maximum supervised release term is 3 years, 18 U.S.C. § 3583(b)(2).

5.      **Revocation of Supervised Release**. The defendant understands that if he were to violate any condition of supervised release, the Court could revoke his supervised release, and he could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* USSG §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that he be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

6.      **Guideline Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the

3

United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a.    **Base Offense Level**. The United States believes that because the defendant is subject to an enhanced sentence under the ACCA, the base offense level is 33. USSG § 4B1.4(b)(3)(B). The defendant reserves the right to argue that he is not subject to the ACCA and that the base offense level is as low as 14 pursuant to U.S.S.G. § 2K2.1(a)(6).

    b.    **Specific Offense Characteristics**. The parties agree that if the defendant is not subject to the ACCA, no specific offense characteristics apply.

    c.    **Chapter Three Adjustments**. The parties agree that no Chapter Three adjustments apply other than as provided for below for acceptance of responsibility.

    d.    **Acceptance of Responsibility**. The parties agree that if and only if the defendant: (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully at the change-of-plea and sentencing hearings; (3) complies with this agreement; and (4) does not engage in any act inconsistent with acceptance of responsibility before the time of sentencing, the United States will recommend that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a), and, if the defendant's total offense level is 16 or greater, will move for an additional one-level reduction under § 3E1.1(b). The defendant understands that any reduction for acceptance of responsibility shall be determined by the Court in its discretion. Nothing in this agreement, however, limits the right of the Government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

    e.    **Criminal History Category**. The parties believe that, regardless of whether the Court determines the defendant is subject to the ACCA and based on the information currently available, the defendant's

criminal history category is <u>V</u>. This does <u>not</u> constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The final determination of the defendant's criminal history category will not provide either party a basis to withdraw from the plea agreement.

f. **Guideline Range.**

> **If the defendant is subject to the ACCA:** If the <u>adjusted offense level is 30</u>, and the criminal history category is V, the advisory Guidelines range is <u>151-188</u>, with a statutory mandatory-minimum sentence of <u>180</u> months' imprisonment, making the effective range 180-188 months' imprisonment. USSG § 5G1.1(c)(2).
>
> If the defendant is not subject to the ACCA, the defendant reserves the right to argue that the advisory Guidelines range is as low as <u>27-33 months' imprisonment</u>, based on an adjusted offense level of 12 and a criminal history category of V. USSG § 5G1.1.

g. **Fine Range.** If the adjusted offense level is 30, the fine range is $30,000 to $300,000. (USSG § 5E1.2(c)(3)).

If the adjusted offense level is 12, the fine range $5,500 to $55,000. USSG § 5E1.2(c)(3).

h. **Supervised Release.** If the defendant is subject to an enhanced sentence under the ACCA, the Sentencing Guidelines require a term of supervised release of term of at least 2 years but not more than 5 years. USSG § 5D1.2(a)(1); 18 U.S.C. § 3583(b)(1); 18 U.S.C. § 3559(a)(1).

If the defendant is <u>not</u> subject to an enhanced sentence under the ACCA, the Sentencing Guidelines require a term of supervised release of at least one 1 year but not more than 3 years. USSG § 5D1.2(a)(2); 18 U.S.C. § 3583(b)(2); 18 U.S.C. § 3559(a)(3).

i. **Sentencing Recommendation and Departures.** The parties reserve the right to make a motion for departures from the applicable Guidelines range and to oppose any such motion made by the

opposing party. The parties reserve the right to argue for a sentence outside the applicable Guidelines range, subject to any applicable mandatory minimum sentence. Both parties acknowledge and agree that if the defendant is sentenced under the ACCA, and in the event that an applicable change in the law regarding the ACCA is enacted by Congress, found by the Supreme Court, and/or adopted by the United States Sentencing Commission, nothing in this plea agreement will preclude the defendant from pursuing any applicable remedy to modify his sentence.

7. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range (but not below the mandatory-minimum sentence of 180 months, if the Court finds the ACCA to be applicable). If the Court determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

8. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment at the time of sentencing.

9. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and

6

restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver are (1) an appeal by the defendant regarding the applicability of the ACCA and the designation of any prior conviction as a predicate felony under the ACCA; and (2) the substantive reasonableness of a term of imprisonment above the high end of the Guidelines range determined by the district court. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel and an applicable change in the law regarding the ACCA enacted by Congress, found by the Supreme Court, and/or adopted by the United States Sentencing Commission.

The defendant has discussed these rights with his attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily. The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below the low end of the Guidelines range determined by the district court.

10.     **Forfeiture**. The defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code Section 2461(c), the following firearm and associated ammunition and accessories: a Taurus handgun with serial number NLU65122 and any ammunition and accessories seized therewith.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may

7

have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearm, ammunition, and accessories.

11.  **FOIA Requests.**  The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act, 5 U.S.C. § 552, or any other similar law or process.

12.  **Complete Agreement.** This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

Date: 3/15/22

CHARLES J. KOVATS, JR.
Acting United States Attorney

For: BY: JUSTIN A. WESLEY,
Assistant U.S. Attorney

Date: 3/15/22

JERMAINE DONTAE MORRIS
Defendant

Date: 3/15/22

KEALA EDE
Counsel for Jermaine D. Morris