UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-261 (PAM/ECW)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) **GOVERNMENT'S SENTENCING MEMORANDUM** |
| Jermaine Dontae Morris, | ) |
| Defendant. | ) |

The United States of America, by and through its attorneys, Andrew M. Luger United States Attorney for the District of Minnesota, and Justin A. Wesley, Assistant United States Attorney, hereby respectfully submits its memorandum and position on sentencing as to defendant Jermaine Dontae Morris.

## BACKGROUND

### A.     Factual Background

On September 30, 2021, members of the Hennepin County Sheriff's Office Violent Offender Task Force (VOTF) attempted to stop a vehicle for traffic violations. (DCD 42 ¶ 7) ("PSR"). The driver (Morris), did not stop and drove away at a fast rate of speed. (PSR ¶ 7). Deputies followed the vehicle. (PSR ¶ 7). Morris eventually parked, got out, and fled on foot. (PSR ¶ 7). Morris ran into an apartment building lobby where he tripped and fell to the ground. (PSR ¶ 7). The deputies were able to catch up to Morris and apprehend him, which is when they recovered a firearm from Morris' waistband. (PSR ¶ 7). The defendant

was prohibited from possessing firearms based on his history of felony convictions. (PSR ¶¶ 9, 38-41).

### B. Presentence Report and Guidelines Calculation

On March 15, 2022, Morris pled guilty to Count 1 of the Indictment, felon in possession of a firearm. (PSR ¶ 2, DCD 27).

The PSR concluded that the advisory Guideline range is 100 to 120 months' imprisonment based upon a total offense level of 25 and a criminal history score of V. (PSR ¶ 79). As part of the plea agreement, the parties agreed that no other Chapter Three adjustment applied other than he potential reduction for acceptance of responsibility. Therefore, the United States believes that the applicable advisory Guideline range should be 70-87 months' imprisonment based on a total offense level of 21 and a criminal history score of V.

## POSITION ON SENTENCING

The issue before the Court is what constitutes a reasonable sentence considering the factors enumerated in Title 18, United States Code, Section 3553(a). In fashioning a sentence, Section 3553(a) requires the Court to consider the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense; the need for deterrence; the need to protect the public from further crimes of the defendant; and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a).

### A. Nature of the Offense

The nature of the defendant's offense is serious. He has a serious felony history and nevertheless possessed a firearm.

### B. The Defendant's History and Characteristics

Morris has four adult felony convictions. (PSR ¶ 38-41). Morris had a caring yet strict upbringing. (PSR ¶ 53). However, he has suffered some mental health and substance abuse issues. (PSR ¶¶ 60, 61, 63-66).

## CONCLUSION

For all the foregoing reasons, the United States respectfully requests the Court first take the advisory guidelines into account as the starting point of its analysis, then render its final determination in light of all of the factors set forth in 18 U.S.C. § 3553(a) relevant here, including all filings in this case.

Respectfully submitted,

Dated: September 7, 2022

ANDREW M. LUGER
United States Attorney

*/s/ Justin A. Wesley*

BY: JUSTIN A. WESLEY
Assistant U.S. Attorney
Attorney ID No. 0389189